UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

                Plaintiff,

vs.

                    Case No. 1:06-cv-683

                    Hon.  Gordon J. Quist

U.S. DEPARTMENT OF LABOR, et al.,

                Defendants.

_____/

## ORDER

This matter is now before the court on plaintiff's "motion for leave to file a third amended complain and for declaratory relief for preliminary injunction and speedy hearing" (docket no. 35), "motion for supplemental pleadings and claims for relief" (docket no. 42), "motion for leave to file fifth amended complaint" (docket no. 55), and "motion for judgment on the pleadings" (docket no. 58).

### 1.      Motions to file amended complaints

On December 14, 2006, the court granted plaintiff's motion for leave to file a second amended complaint.  Now, plaintiff has moved to file third, fourth and fifth amended complaints.

Fed. R. Civ. P. 15(a) states that leave to amend "shall be freely given when justice so requires."  Nevertheless, the court has discretion to deny a motion to amend when there is undue delay, bad faith or a  dilatory motive by the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party or futility of the amendment.  *See Miller v. Champion Enterprises Inc.*, 346 F.3d 660, 689-90 (6th Cir. 2003).

The court recognizes that plaintiff is proceeding without an attorney.  Pro se litigants

"are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991).  However, a pro se litigant is not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer, is required to follow the law, and assumes the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000); *Jourdan*, 951 F.2d at 110; *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999) ("[p]ro se litigants are required to follow the rules of civil procedure and easily-understood Court deadlines").

Here, plaintiff's motions to file third, fourth and fifth amended complaints will be denied as improperly filed.  First, contrary to the local court rules, plaintiff has failed to seek concurrence with opposing counsel with respect to any of these motions to amend.  *See* W.D. Mich. LCivR 7.1(d) ("[w]ith respect to all motions, the moving party shall ascertain whether the motion will be opposed").  Second, plaintiff has failed to include a supporting brief with his fourth and fifth motions to amend as required by W.D. Mich. LCivR 7.1.  Third, plaintiff has failed to include "a short and plain statement" of his claim as required by Fed. R. Civ. P. 8(a).  Fourth, plaintiff's multiple consecutive attempts to amend his complaint have unduly prejudiced the other parties to this litigation.

Accordingly, plaintiff's motions for leave to file third, fourth and fifth amended complaints (docket nos. 35, 42 and 55) are **DENIED** without prejudice.  Plaintiff's improper attempts to amend his complaint have created a confusing record in this suit, which borders on harassment of defendants.  The court will not tolerate further improper filings.  Accordingly,

plaintiff is notified that the court will strike any future motions that fail to comply with the court rules.

### 2.      Motion for Judgment on the pleadings

Similarly, plaintiff's motion for judgment on the pleadings is not properly before this court.  First, plaintiff has not sought concurrence under the local court rules.  *See* W.D. Mich. LCivR 7.1(d).  Second, plaintiff's motion is premature, because the pleadings are not closed.  *See* Fed. R. Civ. P. 12(c) ("[a]fter the pleadings are closed . . . any party may move for judgment on the pleadings").  Accordingly, plaintiff's motion for judgment on the pleadings (docket no. 58) is **DENIED** without prejudice.

### 3.      Legal assistance

It appears to the court that plaintiff, or someone assisting him, has some basic knowledge of the Federal Rules of Civil Procedure, the local rules of this court and the substantive law applicable to this matter.  The court strongly recommends that plaintiff retain a competent attorney to represent him in this matter.  Plaintiff may wish to seek assistance from the Legal Assistance  Center, Kent County Courthouse, Ottawa Ave., NW, Suite 5100, Grand Rapids, MI, 49503, telephone (616) 632-6000.

**IT IS SO ORDERED.**


Dated:  March 16, 2007                       /s/ Hugh W. Brenneman, Jr.
                                            Hugh W. Brenneman, Jr.
                                            United States Magistrate Judge