UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

                    Plaintiff,

                                                Case No. 1:06-CV-683

v.

                                                HON. GORDON J. QUIST

UNITED STATES DEPARTMENT
OF LABOR, et al,

                    Defendants.

_____/

## CASE MANAGEMENT ORDER

IT IS HEREBY ORDERED:

1.     TRIAL DATE AND SETTING:  This case is scheduled for a non-jury trial on at **Tuesday, April 8, 2008, 9:00 a.m.** before the Honorable Gordon J. Quist.   Court will convene at 8:30 a.m. to address preliminary matters.

2.     JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS: All motions for joinder of parties and all motions to amend the pleadings must be filed by **May 13, 2007**.

3.     DISCLOSURES AND EXCHANGES:  On or before **May 13, 2007,** each party shall, without awaiting a discovery request, provide to the other parties that information required by Fed. R. Civ. P. 26(a)(1).

No later than **June 13, 2007**, plaintiff shall identify by name, address and area of expertise, all testifying experts.  Defendants shall produce such information no later than **July 13, 2007**.   The parties do not intend to exchange expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2).  The parties are unable to agree on voluntary production at this time.

4.     DISCOVERY:  All discovery proceedings shall be completed no later than **October 1, 2007,** and shall not continue beyond this date.   All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before

the close of discovery.   All depositions must be completed before the close of discovery. Interrogatories will be limited to 25 single-part questions and depositions will be limited to 10 fact witnesses per side.  The time limitations for depositions set forth in Rule 30(d)(2) apply to this case. There shall be no deviations from this order without prior approval of the court upon good cause shown.

     5.    <u>MOTIONS</u>:

     a.    Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3.  They may be referred to Magistrate Judge Hugh W. Brenneman, Jr., 582 Ford Federal Building, 110 Michigan, N.W., Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636 (b)(1)(A).  In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

     b.    Dispositive motions shall be filed in accordance with W.D. Mich. LCivR 7.2 by **November 1, 2007**.  If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, only those excerpts which are relevant to the motion shall be filed.

     c.    Motions in limine shall be filed on or before the date for filing the proposed Final Pretrial Order.

     6.    <u>ALTERNATIVE DISPUTE RESOLUTION</u>:  This matter will not be submitted to Alternative Dispute Resolution at ths time.

     7.    <u>FINAL PRETRIAL CONFERENCE</u>:  A final pretrial conference is hereby scheduled for **Monday, March 24, 2008 at 2:00 p.m.** before Judge Quist.

8.   <u>PREPARATION OF PROPOSED FINAL PRETRIAL ORDER</u>:  A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed three (3) business days prior to the final pretrial conference in the following form:

A final pretrial conference was held on the ___ day of _____.
Appearing for the parties as counsel were:

(List the counsel who will attend the pretrial conference.)

1)   <u>Exhibits</u>:  The following exhibits will be offered by the plaintiff and the defendant:

(List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, by name and number.  Plaintiff shall use numbers [1-99]; defendant shall use letters [A-Z].  Indicate with respect to each exhibit whether and for what reason its admissibility is objected to.  Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial.  Each party shall identify its exhibits on a form similar to Exhibit 1, attached to this Order.  The complete list of exhibits on a form similar to Exhibit 1 must be produced at the final pretrial conference.   Failure to list an exhibit required to be listed by this Order will result, except upon a showing of good cause, in a determination of non-admissibility at trial.  Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown.  See Fed. R. Civ. P. 26(a)(3).)

2)   <u>Uncontroverted Facts</u>:  The parties have agreed that the following may be accepted as established facts:

(State in detail all uncontroverted facts.)

3)   <u>Controverted Facts and Unresolved Issues</u>:  The factual issues remaining to be determined and issues of law for the Court's determination are:

(Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4)   <u>Witnesses</u>:

-3-

a.      Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

(List names, addresses, and telephone numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the anticipated testimony of each non-expert witness.  For each witness listed, indicate whether the witness <u>will</u> <u>be</u> called or merely <u>may</u> <u>be</u> called to testify.)

b.      Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

(List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts.  Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects.  Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5)      <u>Depositions and Other Discovery Documents</u>:

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

(Designate portions of depositions by page and line number.  Designate answers to interrogatories and requests for admissions by answer or request

number.  Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party.  Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6)   <u>Length of Trial</u>:  Counsel estimate the trial will last approximately ** days, total, allocated as follows:  ____ days for plaintiff's case;  ____ days for defendant's case;  ____ days for other parties.

7)   <u>Prospects of Settlement</u>:  The status of settlement negotiations is:

(Indicate persons present during negotiations, progress toward settlement, and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

9.   <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>:  At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action. Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and should be accompanied by his/her clients.

10.   <u>PREPARATION FOR THE TRIAL</u>:

a.   Each party shall file the following not later than three (3) business days prior to the commencement of the trial:

i.   Trial briefs.

ii.   A joint statement of the case and statement of the elements that must be proven by each party.  If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed.

Dated:  April 16, 2007                    /s/ Hugh W. Brenneman, Jr.                      
                                          Hugh W. Brenneman, Jr.
                                          United States Magistrate Judge

ATTACHMENT - EXHIBIT 1

| Exhibit No./Letter | Description | Offered By | Objection | Date Offered | Date Received |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Information and Guidelines

for Practice before

The Honorable Gordon J. Quist
Judge
United States District Court
for the Western District of Michigan

2005

Hon. Gordon J. Quist
482 Federal Courthouse
110 Michigan, NW
Grand Rapids, Michigan  49503-2363
(616) 456-2253

January, 2005
Civil

Communications and General Information

**1.      Addresses and Telephone Numbers**

       United States District Court
       482 Federal Courthouse
       110 Michigan, NW
       Grand Rapids, Michigan  49503-2363
       Telephone:     616/456-2253
       FAX:  616/456-2243

       Judge Gordon J. Quist            456-2253

       Judge Quist's Secretary --
        Jane M. Tepper            456-2253

       Judge Quist's Law Clerks --
        Philip G. Henderson
        Scarlett Du
        Diana Schad

       Case Manager --
        Melva I. Ludge            456-2327

       U.S. Court Reporter --
        Diane Calsbeek            451-3587

       Magistrate Judge --
        Hon. Hugh W. Brenneman     456-2568
        United States District Court
        582 Federal Courthouse
        110 Michigan, N.W.
        Grand Rapids, Michigan  49503

       District Court Clerk's Office --
        Ronald C. Weston, Sr., Clerk of Court   456-2381
        United States District Court
        399 Federal Courthouse
        110 Michigan, NW
        Grand Rapids, Michigan  49503-2363

**2.      Hours**

The Judge's Office will be open Monday through Friday from 8:30 AM to 5:00 PM.

**3.      Calendar**

The Case Manager is in charge of all calendar matters.  If you would like an adjournment of a hearing on a motion you must first reach agreement with your opposing counsel and then

contact the Case Manager.  In situations where an opposing attorney will not consent to an adjournment, the party requesting the adjournment should send a letter stating reasons for requesting the adjournment.  Such letters should be directed to the Case Manager.  It is incumbent upon the party requesting an adjournment to notify the opposing party of the request and, if granted, the new hearing date.

Do not contact the Judge or his law clerks to request an adjournment.

**4.     Oral Argument**

This Court will attempt to hear oral argument on each dispositive motion where any party requests oral argument.  If counsel wishes oral argument on a motion, the request is made by stating "oral argument requested" underneath the caption of the motion.  Pursuant to Local Rule 7.2(d), oral argument will be scheduled by the Court at the earliest convenient date.

**5.     Ex Parte Applications**

Ex  parte applications are disfavored and should be avoided except in the most extreme circumstances.  Where such cases arise, the party submitting the application must state in the application that opposing counsel has been contacted in an attempt to resolve the situation through normal motion practice and why such an option is unsatisfactory, or, why contacting the opposing party would be inappropriate under the circumstances.  See Local Rule 7.1(d).  Applications for temporary restraining orders must comply strictly with the specific requirements of  Fed. R. Civ. P. 65.

**6.     Orders**

All orders and proposed orders which require the Judge's signature should be filed electronically with the Clerk of Court.

If the Court has instructed a prevailing party to submit an order, the prevailing party must have the proposed order approved by opposing counsel before it is submitted to the Court for the Judge's signature.  In the event of a disagreement as to the form of an order the prevailing party may bring a motion to settle the order.

Whenever a motion to settle an order is made, costs and attorney's fees will be awarded against an attorney who unreasonably withholds consent as to form.

**7.     Transcripts of Court Proceedings**

If a transcript of a court proceeding is desired, the Court Reporter should be contacted directly and a confirming letter sent.  Transcripts will not be prepared unless ordered.

**8.     Stipulations**

All stipulations should be submitted by electronic filing for the judge's approval.  An order approving the stipulation shall be attached to the stipulation, or the stipulation itself can have "So Ordered" with a place for signature and date.

The Trial

**1.    Courtroom Decorum**

The purpose of this paragraph is to describe certain basic principles concerning courtroom behavior and decorum.  The requirements stated in this rule are minimal, not all-inclusive, and are intended to emphasize and supplement, not supplant or limit, the ethical obligations of counsel under the Rules of Professional Conduct or the time honored customs of experienced trial counsel.  These requirements apply to all counsel and all persons at counsel table.

a.    This Court expects all attorneys and parties to act with courtesy and respect toward everyone in the courtroom.  Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.  Address all remarks to the Court, not to opposing counsel.  Refer to all persons, including witnesses, other counsel and the parties, by their surnames and not by their first or given names.

b.    Please treat the courtroom furniture with care.  It has to last a long time.  For example, do not put briefcases with metal feet on the tables.

c.    Stand near the lectern while examining a witness and making statements to the jury; except that counsel may approach the Clerk's desk or the witness for purposes of handling or tendering exhibits.   The recording system picks up lawyers' voices only when they are speaking into a microphone.

d.    Offers of, or requests for, a stipulation should be made privately - not within the hearing of the jury.

e.    Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval, during the testimony of witnesses or at any other time, are absolutely prohibited.

**2.    Jury Selection**

Counsel should submit an agreed statement of the case to be read to the jury which explains in simple terms the nature of the case.  Unless the case is very complex, the summary should not exceed one paragraph.  The purpose of the summary is to acquaint the jury with the nature of the case and to provide a basis for certain voir dire questions.

In civil cases where jury trials have been demanded, the juries will generally be selected as follows:

a.    The Deputy Clerk will call 14 names for the panel and such persons will be seated in the order they are called in the jury box in seats 1 through 14.

b.    The Court will then voir dire the jury asking its own questions and also questions proposed by the attorneys which have been submitted for review to the Court at or before the pretrial conference and which he considers appropriate.  Attorneys will be permitted to participate in the questioning process under limits set by the Court.

c.    The Court will excuse any prospective juror for cause where appropriate, and replace the excused juror, and the process will be repeated.

d.    When the Court has determined that none of the 14 prospective jurors in the jury box should be dismissed for cause, the parties must exercise their peremptory challenges.

e.    Each side in a civil case must exercise three peremptory challenges.  See 28 U.S.C. Section 1870.  These challenges shall be exercised in three rounds, one challenge for each side in each round.  Peremptory challenges will be exercised in writing away from the jury, and the Court will excuse all peremptorily-challenged jurors after all peremptory challenges have been exercised.

f.    In a case with multiple plaintiffs or defendants, the Court may allow additional peremptory challenges.  28 U.S.C. 1870.

## 3.    Witnesses

If a witness is not listed in the final pretrial order, the Court will not allow either side to call the non-listed witness unless there is good cause shown.  This, of course, does not apply to rebuttal witnesses.  However, rebuttal experts must always be disclosed and listed in the final pretrial order.

## 4.    Exhibits

If an exhibit has not been listed in the pretrial order, it will not be admitted in the case in chief unless good cause is shown as to why it was not designated.  All exhibits, charts, blow-ups must be shown to counsel prior to the beginning of trial.  Do not wait until the witness is on the stand to show these items to opposing counsel.

The exhibits shall be clearly identified. In cases where counsel wishes to publish the exhibits to the jury and the party intends to introduce more than 10 documents, counsel shall arrange to have all exhibits digitized for projection on the large screen in the courtroom. Projection of exhibits is accomplished using the evidence cart in the courtroom. Questions concerning use of the evidence cart should be directed to the Systems Administrator for the U.S. District Court Clerk's Office at 616.456.2381. In addition, five notebooks with the exhibits shall be prepared. The exhibits should be divided and tabbed with the exhibit numbers. A list of the exhibits (Attachment, Exhibit 1, to the Case Management Order) should be located in the front of the notebooks. One set of notebooks is for the Court, one set is for the deputy clerk in the courtroom, one set is for the use of the witnesses, and the other two are used by counsel for the parties. When bringing a document to the attention of the Court and witnesses, counsel asking the questions should refer to the notebook volume and exhibit number.

Offer exhibits into evidence as soon as the foundation has been laid. Often, when lawyers wait until the end of the examination or the case to make the offer, the witness has completely discussed the document during testimony and the document is not in evidence.

Offer exhibits that have identical foundation requirements in a group. It wastes time to lay a separate foundation on several identical kinds of documents, showing the witness one at a time. If they are all the same type of document, show the witness exhibits 1 through 10, ask the witness to identify the exhibits and lay a foundation. (i.e., checking account statements of John Doe for the months January through June, 1993.) If the parties have stipulated to the admissibility of exhibits before trial, those exhibits will be admitted as a group after opening statements and before the first witness is called. These stipulated exhibits can then be referred to without the necessity of establishing a foundation.

## 5.    Recesses

Before the jury arrives, and at each recess, you will be asked if there is anything that should be raised before the next session. If there is some problem, I should be advised before the jury returns to the jury box.

I am aware that counsel may not be able to anticipate everything, but many matters should and will be taken up during the recesses.

**6.      Scheduling**

Generally, cases are tried Tuesday through Friday.  Trial begins at 8:30 AM and recesses at 1:30 PM, with a 20-30 minute break mid-morning.  This schedule is subject to the other demands of my docket.  You must have enough witnesses to fill up the day.

**7.      Deposition Designations, Motions In Limine, and Jury Instructions**

Deposition designations, motions in limine, and jury instructions must be filed pursuant to the schedule set in the Case Management Order.  The Court will not entertain additional motions in limine or deposition designations unless good cause is shown.