UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GWANJUN KIM,**

    **Plaintiff,**

v.       Case No. 1:06-cv-683
     Hon. Gordon J. Quist

**UNITED STATES DEPARTMENT
OF LABOR,** *et al.***,**

    **Defendants.**

    _____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Gwanjun Kim has filed a federal action against numerous defendants arising from his inability to obtain payment for English language classes under the Trade Act of 1974, 19 U.S.C. § 2101 *et seq*. The defendants include the United States Department of Labor ("DOL") and its Secretary (collectively referred to as the "DOL defendants"). This matter is now before the court on the DOL defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (docket no. 32).

    **I.**      **Plaintiff's claims**

Plaintiff alleges in his Second Amended Complaint that he lost his job at the Electrolux factory in Greenville, Michigan, after the company decided to shift production to Mexico, and that he is eligible for benefits under the Trade Act of 1974 and the Trade Adjustment Assistance Program, 19 U.S.C. § 2291 (TAA). Second Amend. Comp. at ¶ 15. He contends defendants Michigan Department of Labor and Economic Growth ("MDLEG") and Central Area Michigan Works! Consortium ("CAMWC") have failed to recognize and address his training needs, which

apparently included enrollment in community college "English as Second Language classes." *Id.* at ¶¶ 5, 16.

Based upon these facts, plaintiff alleges that the government defendants violated provisions of the Trade Act as follows:

> 23. Federal law requires DOL to ensure that states operate the TAA benefit as agents of DOL consistent with the state's agreement with DOL to carry out the provisions of the Trade Act.
>
> 24. Plaintiff seeks declaratory and injunctive relief against Defendant DOL has [sic] violated the Trade Act by failing to ensure that the Defendant MDLEG and CAMWC meet the provisions of the Trade Act benefit § 2296(a)(1).

Second Amended Compl. at ¶¶ 23-24. Plaintiff's requested relief includes the award of TAA benefits. *Id.* at ¶¶ 25, 29.

The DOL defendants seek dismissal for lack of subject matter jurisdiction and because of sovereign immunity. For the reasons stated below, I conclude that the court lacks subject matter jurisdiction to adjudicate plaintiff's claims against the DOL defendants.

## II.     Standard of review

"The Constitution allows federal courts only a limited and special jurisdiction, and powers not given to the federal courts by Congress are reserved to the primary repositories of American judicial power: state courts." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "As a court of limited jurisdiction, this Court must proceed with caution in deciding that it has subject matter jurisdiction." *Raisig v. United States*, 34 F.Supp.2d 1053, 1054 (W.D.Mich. 1998). In determining whether the district court has subject matter jurisdiction of a claim under Fed. R. Civ. P. 12(b)(1), the district court must assume that plaintiff's allegations are true and must construe the allegations in a light most favorable to plaintiff. *Little Traverse Bay*

*Bands of Odawa Indians v. Great Spring Waters of America, Inc.*, 203 F.Supp.2d 853, 855 (W.D. Mich. 2002). "Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction." *Id.*

Under Fed. Rules Civ. Proc. 12(b)(6), a complaint may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true, *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), the Court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).

### III.     Discussion

The Sixth Circuit has provided the following overview of the TAA:

> The Trade [A]ct of 1974 established the Trade Adjustment Assistance Program (TAA) which was designed to assist workers who have lost their jobs as a result of foreign competition. Under the TAA, workers are eligible for training, job allowances, relocation allowances and trade readjustment allowances (TRA's) which are intended to supplement state unemployment insurance benefits. 19 U.S.C. § 2291. Although TRA benefits are funded entirely by the federal government, as is the cost of administering the program, the Act authorizes the Secretary of labor to contract out the job of making individual eligibility determinations to the state agencies responsible for administering unemployment insurance programs. 19 U.S.C. § 2311. These state agencies, designated by the Act as "cooperating agencies," are charged not only with receiving applications but with determining eligibility as well. Significantly, the Act provides that "[a] determination by a cooperating State Agency with respect to entitlement to program benefits under an agreement is subject to review in the same manner and to the same extent as determinations under the applicable State law and only in that manner and to that extent." 19 U.S.C. § 2311(d).

*International Union, UAW v. Dole*, No. 89-1922, 1990 WL 120964 at *1 (6th Cir. Aug. 21,1990).

The review provision set forth in § 2311(d) vests state courts "with exclusive jurisdiction over claims challenging a state agency's application of federal guidelines to the benefit claims of individual employees." *Bock*, 277 U.S. at 285. Thus, where an action directly seeks benefits the "decisions as to the eligibility of individual claimants for benefits will remain the province of state authorities." *Id.* at 284. *See also, Hampe v. Butler*, 364 F.3d 90, 93 (3rd Cir. 2004) (federal courts "cannot hear direct requests for redetermination" of individual claims for benefits). However, federal courts have subject matter jurisdiction over suits in which the plaintiff raises "statutory or constitutional challenges to the federal guidelines themselves" or "claims that a program is being operated in contravention of a federal statute or the Constitution." *Bock*, 277 U.S. at 285; *Hampe*, 364 F.3d at 93.

The essence of plaintiff's action is to recover TAA benefits Michigan state agencies apparently denied him. Plaintiff's only claim against the DOL defendants is that they did not "ensure" that the state agencies followed the terms of the state's agreement with the DOL, which resulted in the state's failure "to recognize and address" his "training needs." Second Amend. Compl. at ¶¶ 16, 23, 24. Plaintiff's vague allegations regarding the federal government's responsibility to oversee the state agency do not raise the type of statutory or constitutional challenge necessary to establish federal jurisdiction. While plaintiff makes a bare-bones allegation that the DOL has failed to "ensure" that the state agencies met the provisions of the Trade Act, he in no way provides or even suggests any specifics as to how this is so. Even under the relatively lenient obligations of a "notice" pleading jurisdiction, it is incumbent upon a plaintiff to provide fair notice of his claim and the grounds upon which the claim rests. *Swierkiewicz v Sorema*, *N.A.*, 534 U.S. 506, 512 (2002); *Conley,* 355 U.S. at 47. *See also, In Re: Commonwealth Institutional*

*Securities, Inc.,* 394 F.3d 401, 405-06 (6th Cir. 2005) (a plaintiff must provide either direct or inferential allegations respecting all the material elements to sustain a recovery) (internal quotes omitted).

>Defendant DOL correctly points out that,
>
>Plaintiff has not raised any . . . challenge to the statutory scheme, to the federal guidelines, or to any particular action, interpretation or policy of the DOL or its officers or employees.  With respect to the federal government, he merely alleges that the DOL has responsibility for administering the TAA.  (Plaintiff's Second Amended Complaint, ¶ 4.)  He indicates that the DOL's failure is merely one of oversight in that it failed to ensure that the state defendants are complying with their agreement with the federal government and are abiding by the benefits provisions of the Act. (Plaintiff's Second Amended Complaint, ¶ 24.)

Thus, the court is left to conclude that plaintiff's allegation against the DOL defendants is in reality nothing more than a solitary complaint by an individual claimant that he has been denied training benefits he is entitled to receive.

Viewing the allegations in the light most favorable to plaintiff, I find that the court does not have jurisdiction with respect to plaintiff's claims against the DOL defendants. Accordingly, the allegations against these federal defendants set forth in plaintiff's second amended complaint fail to state a claim upon which relief can be granted.

### III.     Recommendation

For the reasons stated above, I respectfully recommend that the DOL defendants' motion to dismiss (docket no. 32) be **GRANTED**.[1]


Dated:  August 10, 2007                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] In light of this determination, it is unnecessary to address defendant's claim of a sovereign immunity defense.