UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

        Plaintiff,                        Case No. 1:06-CV-683

v                                           Hon. Gordon J. Quist

U.S. DEPARTMENT OF LABOR,
et al,

        Defendants.
_____/

**ORDER DENYING MOTION FOR LEAVE TO FILE
A SIXTH AND SEVENTH AMENDED COMPLAINT**

Pending before the court are two motions by the plaintiff to file a sixth as well as a seventh amended complaint (docket nos. 88 and 109).

This is obviously not the first time plaintiff has attempted to amend his complaint. On December 14, 2006, the court granted plaintiff's motion for leave to file a second amended complaint. The court subsequently denied plaintiff leave to file a third, fourth and fifth amended complaint, pointing out that he had failed to seek concurrence with opposing counsel with respect to any of those motions to amend, that he had failed to include a supporting brief with two of his motions to amend, that he had failed to include a short and plain statement of his complaint, and that the multiple consecutive attempts to amend his complaint created a confusing record which unduly prejudiced the other parties to this litigation and bordered on harassment. Order of the Court dated March 16, 2007. The motions were denied without prejudice, although the court stated that it would strike any future motions that failed to comply with the court rules.

1

The present motions suffer from some of the same maladies the previous motions did. First, plaintiff has again failed to follow the local rule requiring him to ascertain whether the motions will be opposed. W.D. Mich. LCivR 7.1(d). Second, plaintiff has again failed to submit a brief in support of either motion as required by W.D. Mich. LCivR 7.1. Plaintiff has also failed to submit a proposed copy of his amended complaint in support of either motion. *See,* F.R.C.P. 8(a). Finally, plaintiff has again created a confusing record by filing two motions to amend a month apart without allowing the first motion to amend to be resolved before filing the second motion.

Since there is a simple and straight-forward way to amend a complaint, and plaintiff has again chosen not to follow it despite this court's admonitions in its previous order denying plaintiff's third, fourth and fifth motions to amend, the two pending motions (docket nos. 88 and 109) will also be DENIED without prejudice. However, to avoid further confusion, if plaintiff submits any further motion to amend his complaint, plaintiff shall be required to attach to the motion a copy of the proposed amended complaint in its entirety, which shall be considered a complete substitute for the then pending complaint if the motion to amend is granted. Further, if plaintiff files another motion to amend his complaint, he shall thereafter file no further motions to amend his complaint until the pending motion to amend has been decided. In other words, plaintiff shall not have more than one motion to amend the complaint pending at any one time. Finally, plaintiff shall also comply with all other requirements previously discussed which pertain to a motion to amend a pleading.

IT IS SO ORDERED.

Dated: August 13, 2007                             /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge