UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GWANJUN KIM,

        Plaintiff,                       Case No. 1:06-CV-683

v.                                           HON. ROBERT J. JONKER

UNITED STATES DEPARTMENT
OF LABOR, *et al.*,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation of August 10, 2007, in which the Magistrate Judge recommended that the Court grant the Department of Labor ("DOL") and its Secretary's (collectively, the "DOL Defendants") motion to dismiss. In particular, the Magistrate Judge determined that the Court does not have jurisdiction with respect to Plaintiff's claims against the DOL Defendants. Objections to a magistrate judge's report and recommendation regarding a case-dispositive motion are subject to de novo review. FED. R. CIV. P. 72(b).

Plaintiff's objections are unclear and difficult to follow. For that reason alone, this Court could overrule the objections. In submitting objections, a "party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). An objection which is not "clear enough to enable the district court to discern those issues

that are dispositive and contentious," is insufficient to permit review of the magistrate's report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Even apart from this procedural difficulty, Plaintiff's objections – as clearly as the Court can understanding them – lack merit. Plaintiff's first objection appears to allege that the Magistrate Judge did not apply the governing law as stated by the United States Court of Appeals for the Sixth Circuit in its overview of the Trade Adjustment Assistance Program (TAA), and did not look at the exhibits and complaint of record. Plaintiff provides no basis for this claim, and the record contradicts it. In the Report and Recommendation (at 3-4), the Magistrate Judge expressly recited the Sixth Circuit's overview of the Trade Act of 1974, which established the TAA, and also cited the relevant federal law pertaining to a federal court's jurisdiction over claims brought under 19 U.S.C. § 2311(d). The Report and Recommendation also specifically references (at 1-2, 4-5) the allegations of Plaintiff's operative complaint. Plaintiff fails to explain how the Magistrate Judge misapplied the law. To the contrary, the record plainly demonstrates that the core of Plaintiff's complaint is a denial of benefits by the cooperating State Agency under TAA. The statute and applicable precedent as outlined by the Magistrate Judge, demonstrate that the state court has exclusive jurisdiction over such claims. Plaintiff's objection has no merit.

Plaintiff's second objection appears to be that the Magistrate Judge erred in concluding that Plaintiff has not raised any challenge to any particular action of the DOL or its officers or employees. Plaintiff's objection repeats his claim that the DOL failed to provide sufficient funding to the Central Area Michigan Works! Consortium, resulting in Plaintiff's inability to receive training. As discussed by the Magistrate Judge, Plaintiff is effectively claiming that the DOL has denied Plaintiff the benefits that he is allegedly entitled to receive. But in reality, this case involves a denial of benefits

by a State cooperating agency, and not DOL directly.  In such a case, the Trade Act vests "state courts with exclusive jurisdiction over claims challenging a state agency's application of federal guidelines to the benefit claims of individual employees." *International Union, UAW v. Brock*, 477 U.S. 274, 285, 106 S. Ct. 2523, 2530 (1986).  Federal courts retain subject matter jurisdiction only over suits where the plaintiff raises "statutory or constitutional challenges to the federal guidelines themselves," or "claims that a program is being operated in contravention of a federal statute or the Constitution."  *Id.*; *Hampe v. Butler*, 364 F.3d 90, 93 (3d Cir. 2004).  That is not the claim here. Plaintiff raises nothing more than an individual disagreement with a single decision of a cooperating State Agency; there are no allegations that fall within the Court's jurisdiction.

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation issued on August 10, 2007 (docket no. 152), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants United States Department of Labor (DOL) and the Secretary of the DOL's motion to dismiss for lack of subject matter jurisdiction (docket no. 32) is **GRANTED**.

Dated:     September 5, 2007             /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE