UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

        Plaintiff,

Case No. 1:06-cv-683

Hon. Gordon J. Quist

vs.

U.S. DEPARTMENT OF LABOR, et al.,

        Defendants.
        _____/

### ORDER

This matter is now before the court on a number of motions filed by the *pro se* plaintiff (docket nos. 79, 81, 112, 114, 120, 123) and defendants (docket no. 122).

**Motion to appoint attorney (docket no. 79)**

Plaintiff seeks a court-appointed attorney in this case. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Appointment of counsel is within the court's discretion, *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). In determining whether exceptional circumstances exist, the court should consider the type of case, the plaintiff's ability to represent himself, and the complexity of the factual and legal issues involved. *Lavado*, 992 F.2d at 606. Plaintiff has not presented extraordinary circumstances that warrant the appointment of an attorney in this matter. Accordingly, plaintiff's motion to appoint an attorney (docket no. 79) is **DENIED**.

**Motion for reconsideration (docket no. 81)**

Plaintiff seeks reconsideration of the court's March 16, 2007 order denying a number of his motions. The March 16th order denied plaintiff's motions to file third, fourth and fifth amended complaints (docket nos. 35, 42, 55) and his motion for judgment on the pleadings (docket no. 58). Our local rule provides that on a motion for reconsideration, a movant "shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from the correction thereof." W.D. Mich. LCivR 7.4(a). A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest. *See Compuware Corp. v. Serena Software International, Inc.*, 77 F. Supp.2d 816, 819 (E.D. Mich. 1999). There is no palpable error in the court's order. Plaintiff's motions to file third, fourth and fifth amended complaints are now moot, having been superceded by his eighth amended complaint. In addition, the court properly denied plaintiff's motion for judgment on the pleadings because he failed to seek concurrence under the local court rule, W.D. Mich. LCivR 7.1(d), and the motion was premature. *See* Fed. R. Civ. P. 12(c). Accordingly, plaintiff's motion for reconsideration (docket no. 81) is **DENIED**.

**"Motion for reply summary judgment to [defendants] MDLEG and Swanson" (docket no. 112)**

In this document, plaintiff points out that defendant Michigan Department of Economic Growth (MDLEG) and former defendant Swanson failed to file a response to his motion for summary judgment (docket no. 91). While this document is docketed as a "motion," it is nothing more than additional argument in support of his motion for summary judgment. Accordingly, plaintiff's "motion for reply" (docket no. 112) is **DENIED**.

> **"Plaintiff's motion for reply summary judgment to the [defendants] John Van Nieuwenhuzen and Central Area Michigan Works! Consortium" (docket no. 114)**
>
> **"Plaintiff's motion for reply and answer summary judgment to the [defendants] U.S. Department of Labor and Elaine Chao" (docket no. 120)**

These two documents are not motions, but rather plaintiff's replies to defendants' responses to his motion for summary judgment. Furthermore, plaintiff's reply is moot as to the United States and Ms. Chao, because these defendants have been dismissed from the suit. Accordingly, plaintiff's motions "for reply" (docket nos. 114 and 120) are **DENIED**.

> **Defendant John Van Nieuwenhuyzen and Central Area Michigan Works! Consortium's cross motion to compel enforcement of the Court's March 16, 2007 order (docket no. 122)**
>
> **"[Plaintiff's] response to defendants CAMWC's and Nieuwenhuyzen's 'cross-motion to compel enforcement of this court's March 16, 2007 [order]' and request court may be necessary in order to their [sic] used in such prosecution and request sanction" (docket no. 123)**

Finally, the parties have filed cross motions for sanctions. These claims for sanctions arise from the Court's March 16, 2007 order, which denied a number of plaintiff's motions as improperly filed, noted that plaintiff was creating a confusing record "which borders on harassment of defendants," and that the court would not tolerate further improper filings. Defendants seek sanctions for plaintiff's motions to file sixth and seventh amended complaints, and plaintiff seeks sanctions for alleged "perjury" in defendants' motions. The court addressed plaintiff's proposed amendments in its August 13, 2007 order, which denied plaintiff's motions to file sixth and seventh amended complaints. *See* docket no. 153. While the court's August 13th order did not explicitly address defendants' claim for sanctions, the court finds that plaintiff's conduct at that time was not sanctionable. Indeed, the court's October 3, 2007 order allowed plaintiff to file an eighth amended

complaint.  *See* docket no. 180.   Plaintiff apparently seeks sanctions against defendants' counsel because they violated "the federal perjury statute."  The court will not sanction defendants' counsel simply because plaintiff calls them perjurers.  The court has advised plaintiff that he should stop referring to defendants' counsel as perjurers and liars.  Plaintiff is put on notice that the court  may issue sanctions **against him** if he continues to make such unfounded accusations in court documents. Accordingly the parties' cross motions for sanctions (docket nos. 122 and 123) are **DENIED**.

    **IT IS SO ORDERED.**

Dated:  December 4, 2007 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge