UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GWANJUN KIM,**

    **Plaintiff,**

v.

Case No. 1:06-cv-683
Hon. Robert J. Jonker

**UNITED STATES DEPARTMENT
OF LABOR,** *et al.***,**

    **Defendants.**

                                        /

**ORDER**

This matter is now before the court on "Plaintiff's amended and supplemental brief in support of his motion for summary judgment pursuant to Fed. R. Civ. P. 56(a)" (docket no. 154) and "Plaintiff's Motion for leave of court amended [pursuant to FRCP 15(a)] plaintiff's motion for summary judgment pursuant to FRCP 56(a) and plaintiff's motion leave of court amended [pursuant to FRCP 15(a)] plaintiff's motion for judgment on the pleading pursuant to FRCP 12(c)" (docket no. 197).

**<u>Supplemental brief</u>**

On April 26, 2007, plaintiff filed his motion for summary judgment. Nearly four months later, plaintiff filed an "amended and supplemental brief" in support of this motion. The court rules do not authorize plaintiff to file supplemental briefs at his pleasure. The local court rule provides that "[t]he moving party may, within fourteen (14) days after service of the response, file a reply brief not exceeding ten (10) pages," and that "[t]he Court may permit or require further briefing." W.D. Mich. LCivR 7.2. Plaintiff did not seek leave of court to file this supplemental

brief. Furthermore, plaintiff's brief disparages defendants' counsel, e.g., that "counsel intentionally lied and told half truth [sic] in court." Amended Brief at 4. The court has warned plaintiff that he must cease making such unfounded accusations in his court filings. Accordingly, plaintiff's amended brief (docket no. 154) is **STRICKEN**.

### Motion to amend

Plaintiff's motion to amend his motions for summary judgment and for judgment on the pleadings are without merit. As an initial matter, the court has advised plaintiff that he must follow the applicable court rules, including the requirement of W.D. Mich. LCivR 7.1(d) which requires him to seek concurrence from other counsel to "ascertain whether the motion will be opposed." Plaintiff has failed to demonstrate that he has discussed this matter with opposing counsel prior to filing. Rather, plaintiff's motion contains the vague statement "[p]laintiff <u>to seek concurrence</u> with opposing counsel with respect to this motion." (Emphasis added). Next, plaintiff's motion to amend is improperly brought pursuant to Fed. R. Civ. P. 15. Plaintiff's dispositive motions are not "pleadings" subject to Rule 15. *See* Fed. R. Civ. P. 7. In addition, while plaintiff ostensibly seeks to amend his motion for summary judgment to make some minor changes (i.e., to strike out references to the DOL and Chao, to increase his damage claim to $6,000.00 per day ($4,062,000.00), and to insert a few sentences of legal argument), his proposed brief raises new issues and incorporates some 25 additional exhibits. Plaintiff's motion to amend appears to be a thinly veiled attempt to file another motion for summary judgment. Plaintiff filed his motion for summary judgment on April 26, 2007. Under these circumstances, the court finds no reason to allow plaintiff to amend his motion at this late date, long after defendants filed their responses. Finally, plaintiff's motion to amend the brief in support of his motion for judgment on the pleadings is

2

frivolous, because the court denied this motion on March 16, 2007. *See* docket no. 76. Accordingly, plaintiff's motion to amend (docket no. 197) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 12, 2007                                      /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge