UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GWANJUN KIM,**

       **Plaintiff,**

                                        Case No. 1:06-cv-683
v.                                      Hon. Robert J. Jonker

**UNITED STATES DEPARTMENT
OF LABOR,** *et al.***,**

       **Defendants.**

_____/

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Gwanjun Kim has filed a federal lawsuit regarding the loss of his employment at the Electrolux factory in Greenville. He seeks benefits under the Trade Act of 1974, and damages for statutory and constitutional violations. This matter is now before the court on a number of dispositive motions filed by the parties.

    **I.**    **Background**

Plaintiff's Eighth Amended Complaint names six defendants: the United States Department of Labor ("DOL"); DOL Secretary Elaine Chao ("Chao"); the Michigan Department of Labor and Economic Growth ("MDLEG"); MDLEG Director Keith W. Cooley ("Cooley"); "Eight CAP Inc. Central Area Michigan Works! Consortium" ("EightCAP, Inc."); and, John Van Nieuwenhuyzen "President, Eight CAP Administrator Central Area Michigan Works! Consortium" ("Nieuwenhuyzen"). Eighth Amend. Comp. at ¶ 2. The DOL and Chao are no longer parties, having been dismissed from this suit on September 5, 2007. *See* docket no. 169.

Plaintiff's rambling 34-paragraph eighth amended complaint does not present "a short and plain statement of the claim" as required by Fed. R. Civ. P. 8(a)(2). Nevertheless, the court has

a duty to read a pro se plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F.2d 1220, 1223-24 (6th Cir. 1987). After reading the eighth amended complaint carefully, the court has gleaned three counts against the remaining defendants. First, plaintiff alleges that defendants MDLEG and EightCAP, Inc. violated portions of the Trade Act of 1974, 19 U.S.C. §§ 2296(a)(9), 2311(a), 2317 and 2320, by failing to recognize and address his training needs under the Trade Adjustment Assistance Program (19 U.S.C. § 2291)("TAA"). Eighth Amend. Comp. at ¶ 30. Second, plaintiff alleges that defendants MDLEG and EightCAP, Inc. violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI"). *Id.* at ¶ 31. Third, plaintiff alleges a cause of action under 42 U.S. C. § 1983, alleging that defendants Cooley and Nieuwenhuyzen violated his rights under Equal Protection clause and discriminated against him because of his Korean national origin. *Id.* at ¶ 32.

The matter is now before the court on five motions:

1. "Defendant John Van Nieuwenhuyzen and mis-identified defendant Central Area Michigan Works! Association Administrative Office Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and/or motion for summary judgment pursuant to Fed. R. Civ. P. 56(c)" (docket no. 66);

2. "Plaintiff's Motion for summary judgment" (docket no. 91);

3. "Defendant John Van Nieuwenhuyzen and mis-identified defendant Central Area Michigan Works! Consortium's Motion for involuntary dismissal pursuant to Fed. R. Civ. P. 41(b)" (docket no. 149);

4. "Defendant John Van Nieuwenhuyzen and mis-identified defendant Central Area Michigan Works Consortium! [sic] Motion to dismiss pursuant to Fed. R. Civ. P.

> 12(b)(6) and/or motion for summary judgment pursuant to Fed. R. Civ. P. 56(c)" (docket no. 186); and,

5. "Misidentified defendant Eight CAP, Inc Central Area Michigan Works! Consortium's and/or Eight CAP's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (4), (5), (6), (7) and/or Motion for summary judgment pursuant to Fed. R. Civ. P. 56(c)" (docket no. 189).

## II.   Discussion

### A.   Claims under the Trade Act of 1974

As discussed in the previous report and recommendation pertaining to the federal defendants, plaintiff's claim under the Trade Act should have been brought in state court:

> The review provision set forth in § 2311(d) vests state courts "with exclusive jurisdiction over claims challenging a state agency's application of federal guidelines to the benefit claims of individual employees." [*International Union, United Automobile Aerospace and Agricultural Implement Workers of America v. Brock*, 477 U.S. 274, 285 (1986)]. Thus, where an action directly seeks benefits the "decisions as to the eligibility of individual claimants for benefits will remain the province of state authorities." *Id.* at 284. *See also, Hampe v. Butler*, 364 F.3d 90, 93 (3rd Cir. 2004) (federal courts "cannot hear direct requests for redetermination" of individual claims for benefits). However, federal courts have subject matter jurisdiction over suits in which the plaintiff raises "statutory or constitutional challenges to the federal guidelines themselves" or "claims that a program is being operated in contravention of a federal statute or the Constitution." [*Brock*, 477 U.S. at 285]; *Hampe*, 364 F.3d at 93.

*See* Report and Recommendation (Aug. 10, 2007) (docket no. 152).

In adopting the report and recommendation, the district court found that "this case involves a denial of benefits by a State cooperating agency," and that plaintiff's claims under the Trade Act alleged against the former federal defendants raise "nothing more than an individual disagreement with a single decision of a cooperating State Agency" that do not fall within the

3

Court's jurisdiction. Order adopting report and recommendation (docket no. 169). For the same reasons, the court lacks subject matter jurisdiction with respect to plaintiff's claims for benefits under the Trade Act alleged against defendants MDLEG and EightCAP, Inc. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). When it appears to the court that jurisdiction is lacking, the court should raise the issue *sua sponte*. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (a complaint may be dismissed *sua sponte* for lack of subject matter jurisdiction); *Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2nd Cir.1988) ( "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking"). Accordingly, for these reasons, I recommend that plaintiff's Trade Act claims against defendants MDLEG and EightCAP, Inc. be **DISMISSED**.[1]

> **B.** **Defendants' motion for involuntary dismissal pursuant to Rule 41(b) (docket no. 149)**

Next, the court will address defendants' motion for involuntary dismissal. Defendants have brought this motion pursuant to Rule 41(b), which provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

While Rule 41(b) grants this court broad authority dismiss a plaintiff's complaint, the Sixth Circuit "has frequently cautioned that such a dismissal is a harsh sanction which the court

---

[1] In their motion for summary judgment (docket no. 186), defendants argue that plaintiff's suit must be dismissed pursuant to Fed. R. Civ. P. 19 for failure to join two indispensable parties, i.e., DOL and Chao, involved in the decision to issue benefits under the Trade Act. It is unnecessary for the court to address this argument, because this court does not have jurisdiction to resolve the payment of benefits under the Trade Act.

4

should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991).[2] *See also Bishop v. Cross*, 790 F.2d 38, 39 (6th Cir.1986) (observing that a dismissal under Rule 41(b) requires a "degree of willfulness, bad faith or contumacious conduct").

Defendants seek an involuntary dismissal based upon plaintiff's violation of the Court's March 16, 2007 order, which stated in pertinent part that:

> Plaintiff's improper attempts to amend his complaint have created a confusing record in this suit, which borders on harassment of defendants. The court will not tolerate further improper filings. Accordingly, plaintiff is notified that the court will strike any future motions that fail to comply with the court rules.

Order (March 16, 2007). Defendants point out several examples of plaintiff's improper filings. *See*, e.g., docket nos. 88, 107, 109, 114, 136, 144, 148 (Exh. A). The court has entered several orders rejecting or denying plaintiff's improper filings. *See* docket nos. 75, 76, 151, 153, 170, 204, 205. Plaintiff has come perilously close to exhibiting the bad faith or contumacious conduct sufficient to dismiss his suit under Rule 41(b). However, at the September 4, 2007 hearing, the court advised plaintiff that he must follow the court rules. Since that date, it appears that plaintiff has improperly filed only one document. *See* docket no. 197. With this exception, plaintiff's post-September 4, 2007 court filings appear to comply with the court's rules and orders. Accordingly, I recommend that defendants' motion for involuntary dismissal (docket no. 149) be **DENIED**.[3]

---

[2] "Contumacious" has been defined as "Contemning and obstinately resisting authority; stubbornly perverse, insubordinate, rebellious." *Oxford English Dictionary Online*, http://dictionary.oed.com.

[3] The court notes that defendants have filed additional motions seeking another motion for dismissal under Rule 41(b) and a motion for dismissal based upon plaintiff's conduct during discovery. *See* docket nos. 201 and 211. These most recent claims of plaintiff's misconduct are not presently before the court.

### C.     The parties' motions for summary judgment

Defendants have styled their dispositive motions as hybrid motions to dismiss pursuant to Fed. R. Civ. P. 12 and motions for summary judgment under Fed. R. Civ. P. 56. The record reflects that all parties have filed voluminous supporting documents and briefed these motions as brought under Fed. R. Civ. P. 56. For these reasons, the court will treat the motions as seeking summary judgment.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).[4]

---

[4] The court faces a substantial challenge in resolving these motions. The two earlier motions for summary judgment (docket nos. 66 and 91) are based upon the allegations in plaintiff's second amended complaint (docket no. 31), while the two later motions for summary judgment (docket nos. 186 and 189) are based upon the allegations as set forth in plaintiff's eighth amended complaint (docket no. 181). The court will review the motions for summary judgment to the extent that those motions are applicable to the allegations in the eighth amended complaint.

### 1.     Motions for summary judgment filed by the "mis-identified" defendants

Plaintiff's eighth amended complaint alleges that defendants MDLEG and "Eight CAP Inc., Central Area Michigan Works! Consortium" violated his rights under Title VI, which provides as follows:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.   Private individuals may sue to enforce § 2000d.  *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001).  "To state a claim under Title VI, the Supreme Court has made clear that a private individual must allege intentional discrimination, not disparate impact." *Almendares v. Palmer*, 284 F.Supp.2d 799, 802 (N.D. Ohio 2003); *citing Sandoval*, 532 U.S. 275.  Title VI does not apply to federal contractors, but to entities that receive federal financial assistance.  *See Venkatraman v. REI Systems, Inc.*, 417 F.3d 418, 421 (4th Cir. 2005) (Title VI forbids discrimination by entities receiving federal assistance or a federal subsidy).

Defendants "Central Area Michigan Works! Consortium" and "Eight CAP Inc., Central Area Michigan Works! Consortium" have advised the court that they are "mis-identified" in this litigation.  These "misidentified" defendants assert that plaintiff's Title VI claim must fail because they are neither governmental agencies not acting on behalf of the state or federal government.

The organizational structure of the Central Area Michigan Works! Consortium and EightCAP, Inc. remain an enigma to the court.  The record before the court does not identify the nature of these two entities, their legal relationship with the federal and state government, or their legal relationship with plaintiff.  The court notes that plaintiff has provided a copy of a document

entitled "Michigan Works! - Our Story" which shows a connection between the "Michigan Works! Agencies" and Michigan's governor, suggesting some type of governmental oversight. *See* exh. 13 to plaintiff's brief in support of summary judgment. According to a Central Area Michigan Works! Consortium and EightCAP, Inc. website provided in plaintiff's exhibits, EightCAP, Inc. is responsible for the day-to-day administration of the Central Area Michigan Works! Consortium program activities, and Central Area Michigan Works! Consortium is a Michigan Works! Agency. *See also,* Exhibit 18 to plaintiff's brief. It further appears from plaintiff's exhibits that Michigan Works! Agencies assist in administering employment separation benefits for the state's Department of Labor and Economic Growth. *See, e.g.*, Exhibits 3 and 7 to plaintiff's brief.

> Defendants assert that:
>
> In the present case, Defendant EightCAP, Inc. is not an entity that receives federal funds for employment purposes. EightCAP, Inc. administers the training services which are provided under the TAA. It does not administer the TRA (income maintenance). Since Defendant EightCAP is not a federally funded program or entity that receives federal funds for employment purposes, it is not a proper defendant under Title VI.

Defendants' Brief at 13 (docket no. 189). Defendants provide no documentation to support their statement that EightCAP, Inc. is not a federally funded program or entity. These bald assertions are not sufficient to support a grant of summary judgment. Moreover, contrary to defendants' statement, it appears EightCAP, Inc. does administer the TRA. Correspondence from a Michigan Works! Service Center to plaintiff concerning his "TRA weekly payment benefits" shows that (1) plaintiff is receiving TRA benefits, and (2) that EightCAP, Inc. administers Central Area Michigan Works! Consortium. Exhibit 7, *Id.*

Genuine issues of material fact exist with respect to whether these two defendants received federal assistance for purposes of Title VI. Accordingly, I recommend that the summary

judgment motions filed by defendants "Central Area Michigan Works! Consortium" and "Eight CAP Inc., Central Area Michigan Works! Consortium" in docket nos. 66, 186 and 189 be **DENIED** with respect to plaintiff's Title VI claim. Since these same issues of material fact preclude summary judgment for plaintiff as well, I recommend plaintiff's motion for summary judgment (docket no. 91) also be **DENIED** with respect to these two defendants.

### 2. Plaintiff's motion for summary judgment on the Title VI claim against defendant MDLEG

Plaintiff also seeks summary judgment for his Title VI claim against defendant MDLEG. The docket sheet reflects that MDLEG has not filed a response to this motion. However, MDLEG's failure to respond does not entitle plaintiff to summary judgment on this issue. As the moving party, plaintiff "has the initial burden of proving that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Henderson v. Ardco*, Inc., 247 F.3d 645, 649 (6th Cir. 2001). Plaintiff has failed to meet this burden. To prevail under Title VI, plaintiff must demonstrate that MDLEG received federal assistance to operate the program. *See Texas Peace Officers Association v. City of Galveston, Texas*, 944 F. Supp. 562, 565 (S. D. Tex. 1996) ("[i]t is axiomatic that in order to recover under this provision against a defendant, it must be proved that the defendant is a recipient of Federal financial assistance"). Plaintiff has filed copies of a "TAA Training Application" submitted to MDLEG and other documents relating to his application for benefits to various "Michigan Works!" offices. *See, e.g.,* exhs. 3, 5, 6, 7, 9, 10, 16, 18, and 19 attached to plaintiff's brief in support of summary judgment. However, plaintiff has filed no documentation to establish that MDLEG receives federal assistance which would give rise to a Title VI claim.

Genuine issues of material fact exist with respect to this claim. Accordingly, I recommend that plaintiff's motion for summary judgment (docket no. 91) be **DENIED** as to defendant MDLEG.

### 3.     42 U.S.C. § 1983 claim

Finally, plaintiff alleges that defendants Cooley and Nieuwenhuyzen violated his rights under Equal Protection clause because he is of Korean national origin. This claim is before the court on motions for summary judgment filed by defendant Nieuwenhuyzen (docket nos. 66 and 186) and plaintiff (docket no. 91).[5]

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the

---

[5] The court notes that plaintiff's motion is not directed against defendant Cooley, but rather against a different MDLEG director, former defendant Swanson.

plaintiff because of membership in a protected class." *Henry v. Metropolitan Sewer District*, 922 F.2d 332, 341 (6th Cir.1990) (internal quotations omitted). *See Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000) (in order to maintain a Fourteenth Amendment Equal Protection claim, plaintiff must prove that he is a member in a protected class and that a state actor purposefully discriminated against him because of his class membership).

Plaintiff alleges that defendant Nieuwenhuyzen is the president of defendant Eight CAP Inc. The question before the court is whether Nieuwenhuyzen is a "state actor," because the Fourteenth Amendment "prohibits only state action, not private conduct." *United States v. Morrison*, 529 U.S. 598, 599 (2000). As the court previously discussed, genuine issues of material fact exist with respect to the relationship that exists between defendant EightCAP, Inc. and the State of Michigan. These same issues of fact preclude the court from determining whether defendant Nieuwenhuyzen, the alleged president of EightCAP, Inc., is a state actor for purposes of plaintiff's § 1983 claim.

Accordingly, I recommend that plaintiff's motion for summary judgment (docket no. 91) and defendant Nieuwenhuyzen's motions for summary judgment (docket nos. 66 and 186) be **DENIED** with respect to the § 1983 claim asserted against Nieuwenhuyzen.

### IV.    Recommendation

Accordingly, I respectfully recommend as follows:

A.    That plaintiff's claims against defendants MDLEG and EightCAP, Inc., which allege violations of the Trade Act of 1974 be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction.

B. That defendants' motion for involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) (docket no. 149) be **DENIED**.

C. That the summary judgment motions filed by defendants "Central Area Michigan Works! Consortium" and "EightCAP Inc., Central Area Michigan Works! Consortium" (docket nos. 66, 186 and 189) be **DENIED** with respect to plaintiff's Title VI claim alleged against these two defendants.

D. That defendant Nieuwenhuyzen's motions for summary judgment (docket nos. 66 and 186) be **DENIED** with respect to plaintiff's § 1983 claim asserted against him.

E. That plaintiff's motion for summary judgment (docket no. 91) be **DENIED.**


Dated:  December 12, 2007                         /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).