UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

       Plaintiff,

Case No. 1:06-CV-683

v.

Hon. Robert J. Jonker

UNITED STATES DEPARTMENT
OF LABOR, et al.,

       Defendants.
                                   /

**ORDER AND JUDGMENT**
**REGARDING REPORT AND RECOMMENDATION**

    The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 214) filed on December 12, 2007. Defendants Jon Van Nieuwenhuyzen, Central Area Michigan Works! Consortium, and Eight Cap, Inc., (Defendants) filed their Objection to the Report and Recommendation (docket # 221) on December 27, 2007, and their Amended Objection (docket # 223) on December 28, 2007. Plaintiff filed his Objection to the Report and Recommendation (docket # 218) on December 19, 2007. On January 2, 2008, Plaintiff filed a Response to Defendants' Objection (docket # 226).

    Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it

justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; Defendants' Objection; Plaintiff's Objection; and Plaintiff's Response to Defendants' Objection. The Report and Recommendation recommends that, among other things, Defendants' motion for summary judgment be denied. Defendants object. They argue that the Magistrate Judge erred by not considering whether the record would allow a jury to find that Defendants intentionally discriminated against Plaintiff on the basis of his national origin. The Magistrate Judge did not consider that argument because Defendants did not raise it until they filed their Objection.

The Court cannot enter summary judgment for Defendants unless Plaintiff has had an opportunity to respond to the new arguments presented by Defendants in their Objection. *See Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481–82 (6th Cir. 2003) ("The

purpose of Rule 56(c) is to afford the nonmoving party notice and a reasonable opportunity to respond to the moving party's summary judgment motion and supporting evidence. . . . It is only logical that the purposes of notice and opportunity to respond extend Rule 56(c) to the situation where the moving party submits in a reply brief new reasons and evidence in support of its motion for summary judgment, and require a district court to allow the nonmoving party an opportunity to respond."). Plaintiff had an opportunity to respond to Defendants' Objection and has, in fact, submitted a Response (docket # 226).[1] Accordingly, the Court will consider the arguments raised by Defendants in their Objection to the Report and Recommendation.

Defendants argue in their Objection that they are entitled to summary judgment because there is no evidence in the record of intentional discrimination. Summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Parks v. LaFace Records*, 329 F.3d 437, 444 (6th Cir. 2003) (citing FED. R. CIV. P. 56(c)). At the summary judgment stage, the moving party "bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any,' which it believes demonstrate the

---

[1] Plaintiff's Response to Defendants' Objection (docket # 226) focuses only on the issue of timeliness. Plaintiff did not choose to address the arguments raised by Defendants' Objection, but he had the opportunity to do so. The Report and Recommendation was entered on December 12, 2007. Defendants had until the end of the day on December 27, 2007, to file an Objection. FED. R. CIV. P. 6, 72(b)(2). Defendants filed their Objection on December 27, 2007. Their Objection was timely, and Plaintiff has had ample opportunity to respond to the arguments made therein. *See* FED. R. CIV. P. 72(b)(2) ("A party may respond to another party's objections within 10 days after being served with a copy.").

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)).  If the moving party carries the initial burden, then the nonmoving party must do more than simply rest on the allegations in the pleadings; "rather, its response must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e).

      Defendants carry their initial burden.  They argue that they are entitled to summary judgment because there is no evidence in the record on which a jury could rely to find that Defendants discriminated against Plaintiff on the basis of his national origin.  Both Plaintiff's Title VI claim and his § 1983 Equal Protection claim require him to establish that he was discriminated against because of his national origin.  *See Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir. 1996) (holding that to survive summary judgment a plaintiff bringing a title VI claim must "create a genuine issue of material fact that the defendant intended to discriminate" on the basis of race, color, or national origin); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) ("[A] § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class . . . ." (quoting *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989)).  Put simply, under both of Plaintiff's claims, "proof of discriminatory intent is

critical," *Buchanan*, 99 F.3d at 1356, and Defendants point out that there is an absence of evidence in the record supporting discriminatory intent.[2]

Defendants having pointed out the absence of discriminatory-intent evidence, Plaintiff has the burden of coming forward with such evidence. Plaintiff fails to carry that burden. Plaintiff has provided no evidence that would allow a jury to find discriminatory intent in this case. There is nothing in the record other than Plaintiff's bare, conclusory allegation that he believes he was discriminated against because of his national origin.[3] Bare, conclusory allegations do not allow a plaintiff to survive summary judgment. *Buchanan*, 99 F.3d at 1357. Discrimination can rarely be proven by direct evidence, and there is almost never a smoking gun, but at the summary judgment stage a plaintiff in a discrimination case must submit at least *some evidence* on which a jury could rely to find

---

[2] Defendants point to uncontradicted statements in the affidavits of Roxanne Mier and Karen Perkins. Both Ms. Mier and Ms. Perkins worked for Michigan Works, at the Ionia Service Center, and both state in their affidavits that they did not discriminate against Plaintiff or consider race or national origin in dealing with him. Mier's 2d Aff. ¶ 11; Perkins's Aff. ¶ 11.

[3] The only evidence in the record that even comes close to touching on this issue is part of Plaintiff's deposition testimony. Plaintiff was asked what facts he believed substantiated his discrimination claim. He failed to provide a direct answer; at most he repeated the allegations in his complaint. He is left with a record devoid of any evidence that a jury could use to find in his favor. *See* Pl.'s Dep. 52–58. The evidence in the record is simply that (1) Plaintiff was Korean American, (2) Defendants knew of Plaintiff's national origin, (3) Defendants did not give Plaintiff benefits to which he feels he is entitled, and (4) Plaintiff thinks he was discriminated against because of his national origin. That is not enough to allow Plaintiff to survive summary judgment. *See Cox v. EDS*, 751 F. Supp. 680, 692, 694 (E.D. Mich. 1990) (holding that "conclusory allegations and subjective beliefs are insufficient evidence to establish a claim of discrimination as a matter of law"; a plaintiff who presented only her belief that she would not have been fired if she were white could not survive summary judgment because her claim that "(1) she is black and (2) she was fired" was "patently not enough to get to a jury." (citing *O'Shea v. The Detroit News*, 887 F.2d 683 (6th Cir. 1989); *Simpson v. Midland-Ross Corp.*, 823 F.2d 937 (6th Cir. 1987); *Sisson v. Board of Regents*, 436 N.W.2d 747 (Mich. 1989)).

discriminatory intent. If it were otherwise then summary judgment would whither into a procedural vestige. Every case would go to trial because every plaintiff would simply restate the allegations in the complaint.

Plaintiff has failed to carry his burden under Rule 56. He has pointed to nothing in the record that a reasonable juror could use to find discriminatory intent with respect to any of the Defendants *or with respect to any of the other defendants in this action* (i.e., the Michigan Department of Labor and Economic Growth and Keith Cooley). He has not "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e). Having failed to do so, summary judgment is entered against him.[4]

**ACCORDINGLY, IT IS ORDERED** that, except for Parts II.C.1–.2, the Report and Recommendation of the Magistrate Judge, filed January 7, 2008, is approved and adopted as the Opinion of the Court. This Order is the Opinion of the Court with respect to Defendants' motion for summary judgment on Plaintiff's Title VI and Equal Protection claims.

**IT IS FURTHER ORDERED** that:

> 1. Plaintiff's claims against MDLEG and EightCAP, Inc., which allege violations of the Trade Act of 1974 are DISMISSED for lack of subject matter jurisdiction;

---

[4] Plaintiff also objects to the Report and Recommendation. He argues that he is entitled to summary judgment. Plaintiff's motion for summary judgment is denied for the same reasons that Defendants' motion is granted.

2. Defendants' motion for involuntary dismissal under Fed. R. Civ. P. 41(b) is DENIED;

3. Defendants' summary judgment motions (docket ## 66, 186, & 189) are GRANTED with respect to Plaintiff's Title VI claim against "Central Area Michigan Works! Consortium" and "EightCap Inc., Central Area Michigan Works! Consortium";

4. Defendants' summary judgment motions (docket ## 66, & 186) are GRANTED with respect to Plaintiff's § 1983 claim against Defendant Van Nieuwenhuyzen;

5. Plaintiff's motion for summary judgment is DENIED; and

6. Plaintiff has until March 27, 2008, to set out facts that would be admissible in evidence and that show a genuine issue for trial as to Defendants MDLEG and Keith W. Cooley.  If Plaintiff fails to do so then Summary Judgment will be granted with respect to Plaintiff's Title VI claim against Defendant MDLEG and his § 1983 claim against Defendant Cooley for the reasons articulated in this Order.


Dated:   March 11, 2008              /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE